## UNITED STATES CIRCUIT COURT.

### CARLOS BUTTERFIELD agt. JOHN J. BOYD and others.

Where a *ship* had been towed to sea, and had passed the bar outside of Sandy Hook, and was in the act of taking in her hawser, with only her maintop stay sail set, and at this time a *Mexican steamer*, with her steam up and sails set, hove to within a quarter or half a mile of the ship, for the purpose of sending back to New-York, by the tug which towed the ship, a pilot and some passengers, and, within some ten or fifteen minutes thereafter, the vessels drifted together causing a collision ;

*Held*, that upon the weight of testimony the steamer was in fault, and could not sustain the libel : she had her steam up and sails set, and it did not appear that any effort was made, by the use of either, to avoid the collision. The steamer took the risk of the collision and damage by heaving to so near the ship, with a flood tide tending to set in that direction—the ship being unable to set sail until her hawser was taken in.

*New-York, September,* 1859.

APPEAL from a decree of the court below dismissing libel.

MR. CUTTING, *and* BEEBE, DEAN & DONOHUE, *for libelant and appellant.*

MR. MORTON, *and* FULLERTON & DUNNING, *for respondents.*

NELSON, C. J.   The libel was filed in this case by Butterfield, the owner of the Mexican steamer *Iturbide*, against the respondents, owners of the ship *Mercury*, to recover damages occasioned by a collision occurring between the two vessels on the 4th of November, 1854, after both vessels had passed the bar outside of Sandy Hook.   The ship had been towed to sea, and the hands were engaged in taking in the hawser, which had been cast off by the tug a short time before the accident occurred.

The steamer had passed the ship as she was going through the Gedney channel, and soon after hove to for the purpose of sending the pilot and some passengers on board the tug, which was about to return to the city.   At the time the hawser was

cast off, the steamer was standing some quarter or half a mile to the windward, and in advance of the ship. The wind was from the W.N.W., a pretty fresh breeze, the tide about half flood, setting in a direction opposite to the wind. The steamer was heading N.E., and the ship about E., or about E. by S. The steamer had come down the bay with steam and canvas, topsails and topgallant sails, jib and flying jib. When she hove to, her jib and flying jib were lowered, her fore and main topsails, fore and main topgallant sails were set, and the head sails were laid back.

The ship had only her maintop staysail set, and was under no other sail. The vessels came together nearly broadside, the starboard side of the steamer against the larboard side of the ship, within some ten or fifteen minutes after the one had hove to and the other had commenced taking in the hawser. They drifted together, and the serious dispute in the case is, which party was in fault in permitting his vessel to drift against the other. Four witnesses, including the master, mate, pilot, and a passenger on board the steamer, have been examined for the libelant, and concur that the ship drifted against the steamer. Five witnesses on board the ship, including the master, first and third mates, the pilot and a hand, were examined, and all concur that the steamer drifted against their vessel.

The court below dismissed the libel, and it is difficult to see, upon this conflict of testimony, how it could have arrived at any other conclusion, unless there is something else in the case charging fault upon the respondents' vessel.

The testimony of the master of the steamer is relied on to establish fault. He states that the helm of the ship was starboarded; and that, with the headway on at the time the hawser was thrown off, from the impetus given by the tug, she came up in the direction of the steamer and caused the collision. This, however, is but conjecture on his part, as he saw no such manœuvre. All the witnesses on board the ship deny this, and concur that as soon as it was seen that the vessels were approaching each other, the helm was put hard a-port and jib put up, or attempted to be put up. The only fault the

master of the steamer pretends, in his testimony, that was chargeable upon the ship, was in this false movement of starboarding the helm—thus abundantly disproved—and no other fault is imputed by any of the other witnesses, except the fault of drifting against the steamer. Even if this last had been established, which it is not, the burden would still rest on the libelant to show that the drift of the ship could have been prevented by a proper and skillful management, or that it was occasioned by some positive mismanagement on the part of her master and hands.

It was suggested on the argument, that the maintop staysail was insufficient to give steerageway and govern the direction of the ship, but it is agreed that it would have been improper to have set the sails while the hawser was taking in; and it appears that every preparation was made to set them as soon as this service was finished. It was also suggested, that the hawser should not have been thrown off while the vessel was there near the steamer. But it may be answered, the steamer should not have taken a position so near the ship with a flood-tide tending to set her in that direction. The hawser was thrown off at the usual place.

Besides all this, we feel bound to say that the management of the steamer, in the position in which she lay, was not such as to recommend her to any very favorable consideration. She had her steam up and sails set, and yet it does not appear that any effort was made by the use of either to avoid the collision. It is agreed that the vessels were apart from each other from a quarter to half a mile before they began to drift, and it is difficult to resist the conclusion that, if there had been proper attention to duty under the circumstances, on the part of those on board the steamer, she might have avoided the accident—at least she should have made the effort.

We are satisfied the decree of the court below is right, and should be affirmed.